UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EARL CARLOS** | **CIVIL ACTION NO. 3:17-cv-0552** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LOUISIANA PLASTIC, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Earl Carlos, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 19, 2017. Plaintiff is an inmate incarcerated at the Plaquemines Parish Detention Center (PPDC) in Braithwaite, Louisiana. He sues Louisiana Plastic Converting Company, Roy Wilhite, Jason Snell, Joe Gardener and Glen Ford. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

On May 4, 2016, plaintiff, in the custody of the state, was participating in a transitional work program in Monroe, Louisiana, working at Louisiana Plastic Converting Company ("LPCC"), when he was injured. He asserts that the defendants knew that he, and other employees, were operating a forklift without proper certification. On the day of the incident, he put the forklift he was driving into park, pulled the emergency brake and turned off the ignition. After he stepped out of the forklift, the machine rolled over his ankle. He had surgery, stayed in the hospital for 2 days, transitioned from wheelchair to walking boot, and after rehabilitation, is still unable to jog or run.

He seeks monetary damages for his personal injury, future medical bills, lost wages and pain and suffering.

Plaintiff was ordered to amend his complaint on June 8, 2017, to demonstrate that the defendants are proper parties

### Law and Analysis

#### A. Screening

A prisoner's civil rights complaint is subject to dismissal if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). The screening provision of 28 U.S.C. § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis." *Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Taylor v. Johnson,* 257 F.3d 470, 472 (5th Cir.2001).

#### B. State Actor and Exclusive Remedy

"In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).

Plaintiff has named his work-release employers as defendants; however, it is unclear whether that defendant may be considered a "state actor." *Campbell* v. Bastrop Skid, 2009 U.S. Dist. LEXIS

126113 (W.D. La. Apr. 23, 2009) Further, even assuming that the employer is a "state actor," plaintiff has alleged no facts to establish liability pursuant to § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The deprivation must be intentional, as negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986); *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). Plaintiff has neither alleged nor even implied the violation of a right secured by the Constitution of the United States, nor does he allege facts sufficient to visit liability pursuant to Section 1983 upon his employers -- Louisiana Plastic Converting Company, Roy Wilhite, Jason Snell, Joe Gardener and Glen Ford.

     Moreover, work release inmates are not deemed to be employees of the state, but are considered the employees of their private employer and are entitled to workers' compensation benefits. *Campbell,* 2009 U.S. Dist. LEXIS 126113 at * 13 (*citing See Rogers v. Louisiana Dept. of Corrections*, 2008-43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, 256, writ denied, 2008-1178 (La. 9/19/2008), 992 So.2d 931). Under Louisiana law, worker's compensation provides the exclusive remedy for employees, such as plaintiff, who were injured in the course of employment. *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847 (5th Cir. 2000); see also La. R.S.23:1031; La. R.S.23:1032(A)(1)(a). Nevertheless, to the extent that plaintiff seeks "workers compensation" in this action, he is not entitled to such relief in this forum. He must pursue such claims as provided under Louisiana law. See La. R.S.23:1031 et seq. In short, plaintiff's claims against Louisiana Plastic

Converting Company, Roy Wilhite, Jason Snell, Joe Gardener and Glen Ford must be dismissed for failing to state a claim for which relief may be granted.

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provision of 28. U.S.C. 1915.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, July 25, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**