# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **EARL CARLOS** | **CIVIL ACTION NO. 3:17-0552** |
| **VERSUS** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LOUISIANA PLASTIC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a civil rights action filed by *pro se* Plaintiff Earl Carlos ("Carlos").  Carlos is an inmate who was incarcerated at Plaquemines Parish Detention Center. However, he was previously assigned to work at Louisiana Plastic Converting Company ("LPCC") in West Monroe, Louisiana, as part of a transitional work release program.  He was injured while employed there and has brought suit against LPCC and supervisors Roy Wilhite, Jason Snell, Joe Gardener, and Glen Ford.

On July 25, 2017, Magistrate Judge Karen L. Hayes issued a Report and Recommendation in which she recommended that the Court dismiss his Complaint because Carlos failed to state a claim under 42 U.S.C. § 1983.

On August 10, 2017, Carlos filed objections [Doc. No. 10] to the Report and Recommendation.  For the first time, he asserted that Defendants violated the Americans with Disabilities Act ("ADA") and the Louisiana Employment Discrimination Law ("LEDL"), by failing to allow him to return to work and/or firing him after his on-the-job injury.  Carlos does not raise any objections to Magistrate Judge Hayes' analysis with regard to his § 1983 claims.

Having fully reviewed the record in this matter, including Carlos's objections, the Court ADOPTS the Report and Recommendation of Magistrate Judge Hayes.  The Court will issue a separate judgment dismissing Carlos's § 1983 claims against Defendants.

However, before dismissing this case, the Court must also consider Carlos's objections as a motion to amend his complaint under Federal Rule of Civil Procedure 15. Although Carlos has already amended his Complaint once at the directive of Magistrate Judge Hayes and thus is not entitled to amend as a matter of right, the Court is also cognizant of his status as a prisoner with limited access to legal materials and as a *pro se* filer.  Based on these facts and the fact that this case is at the initial review stage, the Court finds, in the interest of justice, that Carlos's objections will be construed as an amendment to his Complaint to assert claims under the ADA and the LEDL against LPCC. *See generally Watson v. Graves*, 909 F.2d 1549 (5th Cir.1990) (prisoners in work release programs working for private employers were employees entitled to minimum wage coverage under federal Fair Labor Standards Act); *Allen v. Koch Foods*, No. 2:12-CV-857-MEF, 2013 WL 3759098, at *3 (M.D. Ala. July 15, 2013) (holding that inmate is an employee of a private company hosting the work-release program for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*).  On the other hand, the Court finds that Carlos's objections should not be construed as an amendment to his Complaint to assert these claims against the individual Defendants because the cited statutes provide a cause of action against "employers," not supervisors, and, thus, amendment against the individual Defendants would be futile.  *See  Minnis v. Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll.*, 972 F. Supp. 2d 878, 889 (M.D. La. 2013) ("It is well established that 'Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers.") (citations omitted); *Kacher v. Houston Comm. College System*,

2

974 F. Supp 615, 619 (S.D.Tex.1997) (individuals acting in their individual capacity who do not meet statutory definition of "employer" cannot be sued under the ADA); *Jenkins v. Board of Educ. of Houston Independent School Dist.*, 937 F.Supp. 608 (S.D.Tex.1996) ("It is well settled in the Fifth Circuit that individual supervisors cannot be held personally liable under [the ADA], as they are not 'employers' as that term is defined [in the statute]."); *see also* 42 U.S.C. § 12111(5)(A) ("The term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person ....").

For the foregoing reasons, the Court has construed Carlos's objections to the Report and Recommendation as a motion to amend his Complaint, and the Court has GRANTED IN PART and DENIED IN PART that motion.  To the extent that Carlos moves to amend his Complaint to assert ADA and LEDL claims against LPCC, the motion is GRANTED, and his objections are construed as said amendment to his Complaint.  To the extent that Carlos moves to amend his Complaint to assert ADA and LEDL claims against the individual Defendants, his motion is DENIED.  Further, for the reasons stated in the Report and Recommendation, which have been adopted by this Court, Carlos's § 1983 claims against all Defendants will be DISMISSED WITH PREJUDICE.  All individual Defendants will be DISMISSED WITH PREJUDICE from this case.

MONROE, LOUISIANA, this 5th day of September, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3