UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EARL CARLOS** | **CIVIL ACTION NO. 17-0552** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LOUISIANA PLASTIC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Earl Carlos, proceeding pro se and in forma pauperis, filed the instant Complaint on April 19, 2017. Plaintiff is incarcerated at the Plaquemine Parish Detention Center. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

On July 25, 2017, the undersigned recommended dismissal of Plaintiff's claims for failure to state a claim upon which relief can be granted. On August 10, 2017, Plaintiff filed an objection to the Report and Recommendation. Judge Robert G. James dismissed Plaintiff's claims against all Defendants under 42 U.S.C. § 1983, as well as all claims against individual Defendants Roy Wilhite, Jason Snell, Joe Gardener, and Glen Ford. However, he construed Plaintiff's objection as a motion for leave to amend and state a claim under the Americans with Disabilities Act ("ADA") and the Louisiana Employment Discrimination Law ("LEDL"), and he referred the matter to the undersigned for further proceedings.

On October 26, 2017, the undersigned ordered Plaintiff to, within thirty days, amend and provide specific information to cure several deficiencies in his claims. Plaintiff then sought, and the undersigned granted, an extension of time in which to comply with the order to amend. On December 28, 2017, Plaintiff moved for a second extension, and the undersigned extended the

deadline to March 5, 2018.[1]  On March 21, 2018, Plaintiff filed a response to the Court's order to amend, but he made no effort to amend and provide the specific information the Court requested.

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order.  FED. R. CIV. P. 41(b).  A court possesses the inherent authority to dismiss the action *sua sponte* on this basis.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *Id.*

Here, Plaintiff failed to respond to the Court's order to amend by the March 5, 2018 deadline, which passed over one month ago.  Accordingly, **IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

[1] The undersigned cautioned that if Plaintiff failed to comply with the order to amend, his suit "may be dismissed for failure to comply with court order(s)."

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 12th day of April, 2018.

_____
Karen L. Hayes, U.S. Magistrate Judge